**Case No. 21-16663**

**UNITED STATES COURT OF APPEAL
NINTH CIRCUIT**

ROSE COURT, LLC

Appellant/Plaintiff

v.

SELECT PORTFOLIO SERVICING, INC.;
QUALITY LOAN SERVICE CORPORATION;
U.S. BANK, N.A., successor trustee to Bank of
America, NA, successor in interest to LaSalle Bank
NA, as trustee, on behalf of the holders of the
WaMu Mortgage Pass-Through Certificates, Series
2007-HY7, its assignees and/or successors

Appellees/Defendants

From United States District Court
Northern District of California
Honorable, James Lorenz, Judge
District Court Case No. 3-20-cv-06213-JD

**APPELLANT'S OPENING BRIEF**

STEPHEN F. LOPEZ, ESQ. (SBN 125058)
STEPHEN F. LOPEZ ESQ. APC
840 E. Parkridge Ave, Suite 102
Corona CA 92879
Telephone: (858) 682-9666
Facsimile: (714) 242-6944
Email: Steve@sflopesq.com
Attorneys for Rose Court, LLC

## CORPORATE DISCLOSURE STATEMENT

Rose Court LLC has no parent corporation and no publicly-held corporation

owns 10% or more of its stock.

Dated: April 14, 2023           STEPHEN F. LOPEZ ESQ APC

By: /s/ Stephen F. Lopez
Stephen F. Lopez, Attorney for
Appellant/Plaintiff Rose Court LLC

**TABLE OF CONTENTS**

I.      INTRODUCTION……………..………………………….…..1

II.     STATEMENT OF JURISDICTION………………………..………1

        A. The Basis for the Bankruptcy Court and District Court's
        Jurisdiction…………………………………………………1

        B. The Basis for the Court of Appeals Jurisdiction…………………2

        C. Filing Date of The Appeal………………………………………..2

III.    STATEMENT OF FACTS………………………………………..…2

IV.     STATEMENT OF THE CASE/PROCEDURAL HISTORY………7

V.      SUMMARY OF ARGUMENT/ISSUES ON APPEAL……………9

VI.     STANDARD OF REVIEW………………………………………10

VII.    ARGUMENT……………………………………………………..13

        A. Appellant Can State a Claim for Wrongful Foreclosure if
        Leave to Amend Had Been Granted…………………………...13

        B. The Bankruptcy Court and District Court Misapplied the
        Law of Res Judicata in this Case…………………………………16

VIII.   CONCLUSION………………………………..…………......19

CERTIFICATE OF COMPLIANCE……………………………………20

CERTIFICATE OF SERVICE…………………………………………..21

# TABLE OF AUTHORITIES

**Cases**

*al-Kidd v. Ashcroft* (9th Cir. 2009) 580 F.3d 949 ...................................11

*Alvarez v. Hill* (9th Cir. 2008) 518 F.3d 1152 ......................................12

*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. (2007) 550 U.S. 544 ...........10. 11

*Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F.3d 585..............................12

*Curtis v. Irwin Industries, Inc.* (9th Cir. 2019) 913 F.3d 1146..............................10

*Daewoo Elecs. Am. Inc. v. Opta Corp*., (9th Cir. 2017) 875 F.3d 1241 .................18

*Doe v. United States*, (9th Cir. 1995) 58 F.3d 494.................................13

*Eichman v. Fotomat Corp*., (9th Cir. 1985) 759 F.2d 1434 ...................................18

*Eminence Capital, L.L.C. v. Aspeon, Inc.,* (9th Cir. 2003) 316 F.3d 1048 .............13

*Erie R.R. Co. v. Tompkins* (1938) 304 US 64 .......................................13

*Frank v. United Airlines, Inc.,* (9th Cir. 2000) 216 F.3d 845 .................................18

*Knevelbaard Dairies v. Kraft Foods, Inc*., (9th Cir. 2000) 232 F.3d 979...............12

*Kremer v. Chemical Constr. Corp*., (1982) 456 U.S. 461 ......................................18

*Lawlor v. Nat'l Screen Serv.,* (1955) 349 U.S. 322 .................................18

*Lopez v. Smith*, (9th Cir. 2000) 203 F.3d 1122 .......................................13

*Marrese v. American Academy of Ortho. Surgeons*, (1985) 470 U.S. 373.............17

*McBeth v. Himes* (10th Cir. 2010) 598 F. 3d 708 .................................12

*Nami v. Fauver* (3rd Cir. 1996) 82 F.3d 63 ..........................................................12

*Nevada v. United States*, (1983) 463 U.S. 110 .....................................................16

*Ocasio-Hernández v. Fortuño-Burset* (1st Cir. 2011) 640 F3d 1 .........................11

*Polich v. Burlington Northern, Inc*., (9th Cir.1991) 942 F.2d 1467 ......................12

*Public Utility District No. 1 v. IDACORP Inc.*, (9th Cir. 2004) 379 F.3d 641 .......13

*Puri v. Khalsa* (9th Cir. 2017) 844 F.3d 1152 ......................................................10

*Rescuecom Corp. v. Google Inc.* (8th Cir. 2009) 562 F.3d 123 ............................11

*Rowe v. Educ. Credit Mgmt. Corp.* (9th Cir. 2009) 559 F.3d 1028......................10

*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808 ................19

*Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552....................14

*Sidhu v. Flecto Co.*, (9th Cir. 2002) 279 F.3d 896.................................................16

*Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty*., (9th Cir. 2013) 708 F.3d
    1109 ..................................................................................................................13

*Syufy Enterprises v. City of Oakland*, (2002) 104 Cal.App.4th 869......................17

*Turnbow v. Pacific Mut. Life Ins. Co.*, (9th Cir. 1991) 934 F.2d 1100..................18

*Turner v. Seterus, Inc.,* (2018) 27 Cal.App.5th 516, 525 ................................14, 15

*Wilson v. Bittick*, (Cal. 1965) 63 Cal.2d 30, 35-36 ...............................................17

**Statutes**

11 *U.S.C.* §362.................................................................................. 1

11 *U.S.C.* §542.................................................................................. 1

28 *U.S.C.* §151................................................................................. 1

28 28 *U.S.C.* §158..........................................................................1, 2

*28 U.S.C.* §157................................................................................. 1

28 *U.S.C.* § 1291............................................................................. 2

28 *U.S.C.* §1292............................................................................. 2

28 *U.S.C.* § 1334............................................................................. 1

28 *USC* section 2107....................................................................... 2

28 *U.S C.* § 2201............................................................................. 1

*California Civil Code*, section 1485 .............................................15

*California Civil Code* section 2924c .....................................6, 7, 14, 15

*California Civil Code* section 2943 ...........................................6, 7

**Rules**

*FRAP* Rule 4................................................................................... 2

*FRCP Rule* 12.................................................................................10

*FRCP* Rule 41................................................................................17

# I.
# INTRODUCTION

This appeal arises from the grant of a motion to dismiss without leave to amend and the concurrent denial of a motion for leave to amend. On October 22, 2020, the Bankruptcy Court issued an order dismissing Appellant Ros Court LLC's ("Appellant") First Amended Complaint ("FAC"). On that same date, the Bankruptcy Court also denied Appellant's request for leave to amend. (1-ER-002-01; Case no. 19-03058 Docket 67, 83, 84) On September 27, 2021, the United States District Court of the Northern District of California affirmed that order (1-ER-016-017; Case no. 19-03058, Docket 88) As set forth below, the order granting the motion to dismiss and denying leave to amend was entered in error and should be set aside.

# II.
# STATEMENT OF JURISDICTION

## A. The Basis for the Bankruptcy Court and District Court's Jurisdiction.

Jurisdiction in the Bankruptcy Court was based upon 28 *U.S.C.* §§151, 157,1334 and 2201, 11 *U.S.C.* §§362 and 542, and Local Rules and Orders of the United States District Court for the Northern District of California governing the reference. The Jurisdiction of the District Court was based upon 28 *U.S.C.* § 1334 and 28 *U.S.C.* §158.

1

**B.** **The Basis for the Court of Appeals Jurisdiction.**

This Court has jurisdiction over this appeal as the final decision of a District Court pursuant to 28 *U.S.C.* §§ 1291 and 1292 and 28 *U.S.C.* §158. This appeal is from an order of dismissal entered by the District Court on September 27, 2021. order (1-ER-016-017; Case no. 19-03058, Docket 88)

**C.** **Filing Date of The Appeal.**

The District Court's judgment was entered on September 27, 2021. order (1-ER-016-017; Case no. 19-03058, Docket 88) Notice of Appeal was timely filed on October 4, 2021. (5-ER-07, Docket 29) 28 *USC* section 2107(a); *FRAP* Rule 4 (a)(1)(A).

## III.
## STATEMENT OF FACTS

This case arose out of an action challenging a non-judicial foreclosure against the real property commonly known as 15520 Quito Road, Monte Sereno, California 95030 (the "Property")

The facts surrounding that foreclosure are that in 2007, Teri H. Nguyen, executed a deed of trust on the Property in the amount of $2,500,000 in favor of Washington Mutual Bank as trustee. (2- ER- 84-98; Case no. 19-03058, Docket

2

31.) Rose Court is now the owner of the Property. (2 -ER-58, para 12; Case no. 19-03058, Docket 31.) The Property was sold by the Trustee of the deed of trust, Appellee Quality Loan Service ("Quality") to the alleged beneficiary of the deed of trust as of the date of the sale, U.S. Bank, on November 25, 2019. (2 -ER -80-82; Case no. 19-03058, Docket 1) The servicer of the loan was Appellee Specialized Loan Service. ("SLS") (2 - ER - 58, para 8; Case no. 19-03058, Docket 31)

The deed of trust, the transfer and assignment of the related note, and deed of trust have given rise to a great deal of litigation before the foreclosure took place. On July 31, 2017, Appellant brought suit in the Superior Court for Santa Clara County, Case No. 17-CV-313755 ("」 Santa Clara 2017 case"). (2 -ER-200; Case no. 19-03058, Docket 42.) Appellant voluntarily dismissed the Santa Clara 2017 case on February 21, 2018, without prejudice. (2 -ER -200; Case no. 19-03058, Docket 42.) On October 24, 2019, Appellant filed a civil complaint against SLS, U.S. Bank, and Quality in the Superior Court for San Francisco City and County, Case No. CGC-19-580261 ("San Francisco case"). That case was also dismissed without prejudice. (2 -ER -200; Case no. 19-03058, Docket 42.)

Rose Court filed a bankruptcy Petition on November 23, 2019. Case. No. 19-31225. Despite that petition, the foreclosure sale was held on November 25, 2019. (2 -ER-80-82; Case no. 19-03058, Docket 1)

After the sale, On November 26, 2019, Rose Court and Nguyen filed their third lawsuit against SPS and the Trust, this time again in Santa Clara County Superior Court, case number 19CV359333. Appellant voluntarily dismissed this lawsuit on December 23, 2019. (2 -ER -200; Case no. 19-03058, Docket 42.)

On December 13, 2019, Rose Court filed the subject adversary proceeding. Case No. 19-03058 (2 -ER -019-055  Case no. 19-03058, Docket 1.) On January 15, 2020, Quality filed a motion to dismiss the complaint. (Case no. 19-03058, Docket 1.) The Bankruptcy Court granted that motion with leave to amend on February 19, 2020, (Case no. 19-03058, Docket 22-23.)

Rose Court filed its FAC on March 5, 2020. (2 -ER-36-105, Case no. 19-03058, Docket 31). The FAC raised allegations concerning the conduct of the trustee's sale at auction. The FAC asserted a single claim for declaratory relief, requesting an order that the Trustee's Deed was invalid because the trustee's sale was not completed per California's nonjudicial foreclosure statutes.

On March 19, 2020, Quality filed a motion to dismiss the FAC, which U.S. Bank and Select joined. (2 -ER-56-180; Case no. 19-03058, Docket 34, 35, 36 and 37)  Rose Court opposed that motion. (2 -ER- 81-185, Case no. 19-03058, Docket 40.)  A reply was filed. (2- 3- 4-ER -196-701;  Case no. 19-03058, Docket 42, 43.)

4

In addition to opposing the motion to dismiss, on April 23, 2020, Rose Court filed a motion for leave to amend the FAC by filing a Second Amended Complaint, to add a claim for wrongful foreclosure. (5 -ER -703-955, Case no. 19-03058, Docket 50-51,52,53.) U.S. Bank and Select opposed the motion to amend. (5-ER -707-955, Case no. 19-03058, Docket 50, 51, 52, 52.) The motion to amend was opposed. (5- 6 -ER-956-1031; Case no. 19-03058, Docket 55, 56, 57.)

On July 22, 2020, the Bankruptcy Court granted Appellees' motion to dismiss and dismissed the FAC. (1 -ER-002-009, Case no. 19-03058, Docket 67.) The Bankruptcy Court also denied Rose Court's motion for leave to amend the FAC. Id. The court based its decision on *Federal Rule of Civil Procedure* 41(a)(1)(B). According to the Bankruptcy Court, the proposed Second Amended Complaint was barred because Rose Court had previously voluntarily dismissed the three other actions noted above.

The orders granting the motion to dismiss and denying leave to amend were appealed to the United States District Court on August 27, 2020. (6 -ER-1069-1077; Docket case no.19-03058 69) The District Court affirmed the ruling of the Bankruptcy Court. (1 -ER-016-017; Docket case no.19-03058 88.) This appeal followed. (9 -ER-1645-1660; Case no. 3:20-cv-06213-JD, Docket 23.)

5

The facts not stated in the Adversary Proceeding or any other prior case but can be stated are that in violation of *California Civil Code* section 2943 and the right to reinstate pursuant to *California Civil Code* section 2924c, Appellees failed to timely respond to requests for a reinstatement amount and/or provided information on the amount needed to reinstate that they knew or should have known was not accurate. For example, on October 15, 2019, Appellees provided Appellant with a notice that the reinstatement amount was $1,350,123.86 and that the interest rate on the Subject Loan was 4.875% per annum. On October 21, 2019, they provided Appellant with a notice that the reinstatement amount was $1,687,781.64 and that the interest rate on the Loan was 6% per annum. On October 25, 2019, Appellant received a letter for a full payoff for the Loan which if accepted meant the reinstatement amount was $1,089,972.26. In response on many occasions, Appellant again requested an accurate statement of the amounts due so it could reinstate following these notices, to which it received no response. Each of these acts by Appellees frustrated and prevented Appellant from exercising the right to reinstate the Loan in violation of *California Civil Code* section 2924c.

On October 25, 2019, and November 7, 2019, more than 5 days before the date noticed for the foreclosure sale, Appellant tendered the amounts due on the Loan to reinstate. At that time Appellant provided proof that it had the funds

needed to reinstate the Loan but was unable to determine the correct amount due to inconsistent claims by Appellees. Appellant received no response to the tender except for a letter saying only that Appellant did not qualify for a modification of the loan, and a letter that had not been requested. informing Appellant of the amount to repay the entire loan and which contained inconsistent information for the reinstatement.

As discussed below these facts are important because they show that Appellees willfully violated *California Civil Code* section 2943 when they failed to provide a true and correct payoff and reinstatement statements in response to the requests and further by failing to provide accurate and consistent statements of the sums due to reinstate the Loan. These acts frustrated and prevented Appellant from exercising its right to reinstate the Loan pursuant to *California Civil Code* section 2924c. Appellees further held a sale in violation of *California Civil Code* section 2924c after Appellant tendered the amount needed to reinstate Subject Loan which as discussed below states a claim for wrongful foreclosure.

## IV.

## STATEMENT OF THE CASE/PROCEDURAL HISTORY

This case commenced when Appellant filed suit on December 13, 2020 (2 - ER - 019-055; Case no. 19-03058, Docket 1.) A motion to dismiss that complaint

7

was filed on January 15, 2020, by Quality (Case no. 9-03058, Docket 22 and 23.) U.S. Bank and SLS filed an answer on January 16, 2020 (Case no. 19-03058, Docket 25.) Appellant filed an opposition to Quality's motion to dismiss. (Case no. 19-03058, Docket 26.) That motion was granted with leave to amend. (Case no. 19-03058, Docket 30.)

A First Amended complaint was filed on March 5, 2020. (2 -ER-056-105; Case no. 19-03058, Docket 31.) Quality again filed a motion to dismiss. (2 -ER - 56-180, Case no. 19-03058, Docket 34, 35, 36, and 37.)  (U.S. Bank and SLS joined in that motion (Case no. 19-03058, Docket 37.) Appellant opposed that motion on April 10, 2020 (2 -ER-181-185, Case no. 19-03058, Docket 40.)  A reply was filed on April 17, 2020. (2 -3 -4 -ER-196-701;  Case no. 19-03058, Docket 42, 43.) On April 23, 2020, Appellant filed a motion for leave to Amend. (5 -ER-703-955; Case no. 19-03058, Docket 50, 51, 52, 53.) U.S. Bank and SLS opposed that motion. (5 -6 -ER-956-1031;  Case no. 19-03058, Docket 55, 56, 57.) Quality joined in that opposition. (Case no. 19-03058, Docket 55.) A reply was filed by Appellant on May 15, 2020. (Case no. 19-03058, Docket 58.)

On July 22, 2020, the Bankruptcy Court issued a memorandum of decision granting the motion to dismiss and denying leave to amend.  (1 -ER-002-009, Case no. 19-03058, Docket 67.) On August 27, 2020, Appellant appealed to the

8

District Court of the Northern District of California. (6 -ER-1069-1077; Docket case no.19-03058 69) In the appeal to the District Court. Appellant filed an opening brief on December 4, 2020 (8 -ER-1366-1538; Case no. 3:20-cv-06213-JD, Docket 8.) Appellees filed opposing briefs on January 19, 2021 (8 -ER -1539-1636; Case no. 3:20-cv-06213-JD, Docket 12 and 13.) Appellant filed a reply on February 18, 2021. (Case no. 3:20-cv-06213-JD, Docket 18.) On September 27, 2021, the District Court issued a memorandum of decision confirming the grant of the motion to dismiss and denial of the motion for leave to amend. (1-ER -016-017; Case no. 3:20-cv-06213-JD, Docket 22, Case no. 19-03058, Docket 88.) Appellant filed a notice of appeal to this Court on October 4, 2021. (9 -ER -1645-1660; Case no. 3:20-cv-06213-JD, Docket 23.) On October 23, 2021, the Bankruptcy Court entered orders granting the motion to dismiss and deny the motion to amend. (1 -ER -010-015; Case no. 19-03058, Docket 83-84.)

## V.
## SUMMARY OF ARGUMENT/ISSUES ON APPEAL

The issue on appeal is:

1. Did the Bankruptcy Court and District Court commit reversible error in dismissing Appellant's First Amended Complaint without leave to amend resulting in entry of judgment for Respondents?

9

In sum, the District Court's order and resulting judgment were improper because pursuant to Appellant can state a claim for wrongful foreclosure arising out of this sale if allowed to amend the First Amended Complaint. Appellant can state facts that show the foreclosure sale was void because it was held after the Appellant had tendered the amount due on the loan. Further, the order dismissing the Fac was in error in that the Bankruptcy Court and the District Court misapplied the law applicable to Res Judicata in this case.

## VI.
## STANDARD OF REVIEW

The standard of review, in this case, is de novo. The Court should review de novo a district court's dismissal under *FRCP Rule* 12(b)(6). *Curtis v. Irwin Industries, Inc.* (9th Cir. 2019) 913 F.3d 1146, 1151; *Puri v. Khalsa* (9th Cir. 2017) 844 F.3d 1152, 1157.

In applying a de novo standard of review the Court should apply the rules applicable to a motion to dismiss. Thus, the Court should accept "all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. (2007) 550 U.S. 544, 556; *Sylvia Landfield Trust v. City of L.A.*, (9th Cir. 2013) 729 F.3d 1189, 1191 *Rowe v. Educ. Credit Mgmt. Corp.* (9th Cir. 2009) 559 F.3d 1028, 1029–30.

10

On a motion to dismiss under FRCP, rule 12(b)(6), the Court must (1) construe the plaintiff's claims in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff's claims are plausible. *Bell Atlantic Corp. v. Twombly*, supra, at 556; *Rescuecom Corp. v. Google Inc.* (8th Cir. 2009) 562 F.3d 123, 127; *al-Kidd v. Ashcroft* (9th Cir. 2009) 580 F.3d 949, 956 (cert. granted on other issues); *Ashcroft v. Iqbal*, (2009) 556 U.S. 662. This rule applies no matter how improbable the facts alleged are. *Bell Atlantic Corp. v. Twombly* supra, 556. As stated by the Court in *Ocasio-Hernández v. Fortuño-Burset* (1st Cir. 2011) 640 F3d 1, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits." *Id* at 12-13.

Subject to the "plausibility" requirement, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly,* supra at 556. The question of a plaintiff's ability to prove his or her allegations, or possible difficulties in making such proof, is generally of no concern in ruling on a Rule 12(b)(6) motion. In considering a 12(b)(6) motion, the court should not inquire whether the plaintiff will ultimately prevail, only whether the plaintiff is entitled to offer evidence to support his or her claims. *Nami v.*

*Fauver* (3rd Cir. 1996) 82 F.3d 63, 65; *Allison v. California Adult Authority* (9th Cir. 1969) 419 F.2d 822, 823.

Further, "the complaint should be read, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.* (8th Cir. 2009) 588 F.3d 585, 594. The test is whether the facts, as alleged, support any valid claim entitling the plaintiff to relief…not necessarily the one intended by the plaintiff. Thus, a complaint should not be dismissed because the plaintiff relies on the wrong legal theory if the facts alleged support any valid theory. *Alvarez v. Hill* (9th Cir. 2008) 518 F.3d 1152, 1158; *McBeth v. Himes* (10th Cir. 2010) 598 F. 3d 708, 716.

"A motion to dismiss for failure to state a claim may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc*., (9th Cir. 2000) 232 F.3d 979, 984.

In looking at this matter de novo and in considering the facts stated herein that would constitute a cause of action the Court should follow the rule that a "(d)ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Polich v. Burlington Northern, Inc*., (9th Cir.1991) 942 F.2d 1467, 1472. See also *Sonoma*

*Cnty. Ass'n of Retired Emps. v. Sonoma Cnty*., (9th Cir. 2013) 708 F.3d 1109,

1117; *Public Utility District No. 1 v. IDACORP Inc.*, (9th Cir. 2004) 379 F.3d 641,

646; *Eminence Capital, L.L.C. v. Aspeon, Inc.,* (9th Cir. 2003) 316 F.3d 1048,

1052. In fact, leave to amend should be given even if no request to amend the

pleading was made. *Lopez v. Smith*, (9th Cir. 2000) 203 F.3d 1122, 1127 see also

*Doe v. United States*, (9th Cir. 1995) 58 F.3d 494, 497.

**VII.**
**ARGUMENT**

**A. <u>Appellant Can State a Claim for Wrongful Foreclosure if Leave to</u>**
**<u>Amend Had Been Granted.</u>**

With regard to the question of was the foreclosure at issue wrongful, the

Bankruptcy Court, District Court, and this Court are obligated to follow California

substantive law regarding whether the foreclosure was in fact wrongful and subject

to being set aside. While the rules of *Erie R.R. Co. v. Tompkins* (1938) 304 US 64,

do not apply in an action before a Bankruptcy Court, the Court must still apply the

substantive State law of the State where the foreclosure took place to determine if

the foreclosure was or was not valid. *In re Lindsay*, (9th Cir. 1995) 59 F.3d 942,

948-949; See also In re Elder-Beerman Stores Corp., (Bankr. S.D. Ohio 1998) 221

B.R. 404, 408-409.

As noted above in this case Appellant can state facts that show it tendered

before the sale. The refusal to accept that tender and stop the sale renders the sale void and gives rise to a claim for wrongful foreclosure.

Wrongful foreclosure is a common law tort claim. "The elements of a wrongful foreclosure cause of action in California are:

> "(1) [T]he trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552, 561-562. See also *Turner v. Seterus, Inc.,* (2018) 27 Cal.App.5th 516, 525.

A foreclosure is wrongful when it is held in violation of the borrower's right to reinstate a loan after a default. To adequately plead a cause of action for wrongful foreclosure on the ground stated in this case, all the plaintiff needs to allege is that it met its statutory obligation by timely tendering the amount required by *California Civil Code* section 2924c to stop the foreclosure sale, but the lender refused that tender and allowed the foreclosure sale to go forward when the lender should have accepted the tender and canceled the sale. *Turner v. Seterus, Inc*., supra, at 530-531.

The Court should note that in this context, "tender" does not mean actual payment of the reinstatement amount. A tender is an offer of performance. *Turner*

14

*v. Seterus, Inc.*, supra*; California Civil Code*, section 1485. Subdivision (a)(1) of

*California Civil Code* section 2924c provides in relevant part:

> Whenever all or a portion of the principal sum of any obligation secured by
> deed of trust ... has ... been declared due by reason of default in payment of
> interest or of any installment of principal ..., the trustor ... may pay to the
> beneficiary ... the entire amount due, at the time payment is tendered ... other
> than the portion of principal as would not then be due had no default
> occurred, and thereby cure the default theretofore existing, and thereupon,
> all proceedings theretofore had or instituted shall be dismissed or
> discontinued and the obligation and deed of trust ... shall be reinstated and
> shall be and remain in force and effect ...."

For purposes of *California Civil Code* section 2924c tender has effectively

occurred when the borrower informs the foreclosing party that he or she would like

to pay off the entire amount of the default. Actual submission of payment is not

required. *Turner v. Seterus, Inc*., supra, at 531-532. "This conclusion is bolstered

by the legal maxim that "[n]o one can take advantage of his own wrong." ( Civ.

Code, § 3517.)" *Id.* In this case Appellant can allege the only reason the Appellant

did not make an actual payment of the entire amount of the default was because of

the acts of the lender or its agents, the lender cannot defeat the wrongful

foreclosure cause of action by relying on its own wrongful actions. *Turner v.

Seterus, Inc.,* supra at 532.

California law applies to the issue of whether a claim for wrongful

foreclosure can be stated by Appellant. Appellant can state such a claim. Thus, the

order granting the motion to dismiss without leave to amend was improper and Appellant should be allowed to amend the FAC.

### B. <u>The Bankruptcy Court and District Court Misapplied the Law of Res Judicata in this Case.</u>

The orders of both the Bankruptcy Court and the District Court in affirming the Bankruptcy Court's order were in part based upon the argument that Appellant's claim for wrongful foreclosure was barred because the issue had been previously decided in prior actions. This finding was incorrect and misapplied the law applicable to res judicata under the facts of this case.

Res judicata, or claim preclusion, bars relitigation of matters that were litigated or could have been litigated in an earlier suit. *Nevada v. United States*, (1983) 463 U.S. 110, 130. "Res judicata applies when "the earlier suit . . . (1) involved the same `claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Sidhu v. Flecto Co.*, (9th Cir. 2002) 279 F.3d 896, 900. All of the elements must exist to apply res judicata to a prior claim.

Most important in this case is the element of whether the prior actions resulted in a final judgment on the merits. As noted above each of the cases relied upon was a case before a California Court. Thus, the Court must look to California law, not Federal law to determine if there is a final judgment on the merits in any

16

of the prior lawsuits. As noted above each of the cases relied on to apply res judicata to the adversary proceeding never went to judgment. Instead, they were all voluntarily dismissed without prejudice. While as noted by the Bankruptcy Court pursuant to *FRCP* Rule 41, a voluntary dismissal without prejudice in a Federal case is a final judgment on the merits. But that is not so in California. In California. In California, a dismissal without prejudice is not a final judgment on the merits for the purpose of res judicata. *Wilson v. Bittick*, (Cal. 1965) 63 Cal.2d 30, 35-36; See also *Syufy Enterprises v. City of Oakland*, (2002) 104 Cal.App.4th 869, 879. So the question is what law should have been applied to the dismissals in terms of res judicata before the Bankruptcy Court, Federal law, or California law? The answer is California law. "Title 28 *U.S.C.* § 1738 — which provides that state judicial proceedings 'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken' — requires a federal court to look first to state law in determining the preclusive effects of a state-court judgment. *Marrese v. American Academy of Ortho. Surgeons*, (1985) 470 U.S. 373. "It has long been established that Section(s) 1738 does not allow federal courts to employ their own rules . . . in determining the effect of state judgments. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the State from which

17

the judgment is taken." *Kremer v. Chemical Constr. Corp.*, (1982) 456 U.S. 461, 481-482. See also *Turnbow v. Pacific Mut. Life Ins. Co.*, (9th Cir. 1991) 934 F.2d 1100, 1102; *Eichman v. Fotomat Corp.*, (9th Cir. 1985) 759 F.2d 1434, 1437.

This all means that 1. FRCP Rule does not determine if the dismissals in the California case were on the merits, California law does. And in applying California law to the results of the actions at issue res judicata does not apply because under California law there is no final judgment on the claim for wrongful foreclosure.

Even if California law was not the law to be applied to determine the finality of the dismissals at issue, under Federal law a finding of res judicata under the fact of this case would not be appropriate as to the first two cases filed. That is because while a judgment may preclude recovery on claims arising before its entry, it cannot extinguish claims which did not even then exist and which could not possibly have been sued upon in the previous case. *Lawlor v. Nat'l Screen Serv.*, (1955) 349 U.S. 322, 328. See also *Daewoo Elecs. Am. Inc. v. Opta Corp.*, (9th Cir. 2017) 875 F.3d 1241, 1247; *Frank v. United Airlines, Inc.*, (9th Cir. 2000) 216 F.3d 845, 851.

In California, there is no claim for wrongful foreclosure before the foreclosure takes place. *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808. Such a claim does not exist until after the foreclosure takes place

because the Court in general will not get involved in the non-judicial foreclosure process. Thus the first two cases at issue in this case, both of which were brought and decided before the foreclosure took place and a cause of action arose, cannot decide the validity of an act that has yet to occur.

## VIII.
## CONCLUSION

The Bankruptcy Court and District Court erred when they granted Respondents' motions to dismiss without leave to amend. Appellant can state facts that set out a claim for wrongful foreclosure that is not barred by res judicata. As a result, the order and judgment of the Bankruptcy Court District Court should be reversed and the case should be remanded to the Bankruptcy Court ordering the Court to allow Appellant leave to amend.

Dated: April 14, 2023        STEPHEN F. LOPEZ ESQ APC


By: _/s/ Stephen F. Lopez_
Stephen F. Lopez, Attorney for
Appellant/Plaintiff Rose Court LLC

**CERTIFICATE OF COMPLIANCE**
**(FRAP RULE 32)**

Counsel of Record hereby certifies that pursuant to FRAP Rule 32, the

enclosed brief of Appellant, was produced using 14-point Time New Roman type

including footnotes, and contains approximately 4626 words, which is less than the

total words permitted by the rules of court. Counsel relies on the word count of the

computer program used to prepare this brief, Word.

Dated: April 14, 2023                    STEPHEN F. LOPEZ ESQ APC


                                         By: /s/ Stephen F. Lopez
                                         Stephen F. Lopez, Attorney for
                                         Appellant/Plaintiff Rose Court LLC

20

## CERTIFICATE OF SERVICE

I declare that I am a citizen of the United States and reside in City of San Diego State of California. I am over the age of 18 years and not a party to the within case or proceeding. My business address is 840 E. Parkridge Ave Ste 102 Corona CA 92879.

On April 14, 2023, I served a true and correct copy of documents entitled APPELLANT'S OPENING BRIEF on the parties and/or their attorneys of record, by causing the above said document to be filed with the Clerk electronically to be served on all parties of record via electronic service.

I certify and declare the above to be true under penalty of perjury and that this certificate of service is dated April 14, 2023, at San Diego, California.


/s/ Stephen F. Lopez
Stephen F. Lopez