*Appeal No. 21-16663*

_____

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

_____

ROSE COURT, LLC,

*Plaintiff and Appellants*,

v.

SELECT PORTFOLIO SERVICING, INC.; and U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY7, ITS ASSIGNEES AND/OR SUCCESSORS

*Defendants and Appellees*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO
Judge James Donato
Case No. 3:20-cv-06213-JD

_____

## APPELLEES' ANSWERING BRIEF

_____

(COUNSEL INFORMATION ON THE NEXT PAGE)

BUCHALTER, A PROFESSIONAL CORPORATION
Douglas C. Straus (Cal Bar No. 96301)
Tiffany F. Ng (Cal Bar No. 301436)
425 Market Street, Suite 2900
San Francisco, CA 94105
Telephone: 415.227.0900
Email: dstraus@buchalter.com
tng@buchalter.com

Attorneys for Defendants and Appellees
SELECT PORTFOLIO SERVICING, INC.; and U.S. BANK NA, SUCCESSOR
TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO
LASALLE BANK NA, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF
THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-
HY7, ITS ASSIGNEES AND/OR SUCCESSORS

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Appellate Procedure, Rule 26.1, Appellees Select Portfolio ("SPS") and U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu mortgage pass-through certificates, series 2007-HY7, its assignees and/or successors make the following disclosures:

Select Portfolio Servicing, Inc. is a corporation organized under the laws of the State of Utah, and is a wholly owned subsidiary of SP Holding Enterprises Corp., which is not a publicly traded corporation organized under the laws of the State of Delaware. SP Holding Enterprises Corp. is wholly owned by Credit Suisse (USA), Inc., which is not a publicly traded corporation organized under the laws of the State of Delaware.

BN 76645740v4

# TABLE OF CONTENTS

**Page**

I.    JURISDICTIONAL STATEMENT ..............................................................1

II.   ISSUES FOR REVIEW ...........................................................................1

III.  STATEMENT OF THE CASE ...................................................................3

    A.    STATEMENT OF FACTS ..............................................................3

        1.    The Property and Loan History ................................................3

        2.    Rose Court and Nguyen's Lengthy Litigation History
            Regarding the Property .........................................................5

        3.    Rose Court's Multiple Bankruptcy Petitions ...........................7

    B.    Procedural History ...............................................................8

        1.    The Underlying Adversary Bankruptcy Action ........................8

        2.    The Bankruptcy Court Granted the Motion to Dismiss and
            Denied Leave to Amend ........................................................10

        3.    The District Court Affirmed the Bankruptcy Court's
            Rulings ..............................................................................12

IV.   SUMMARY OF ARGUMENT .................................................................13

V.    ARGUMENT........................................................................................16

    A.    The Bankruptcy Court Correctly Granted Appellees' Motion to
        Dismiss Rose Court's First Amended Complaint ..............................16

    B.    The Bankruptcy Court Did Not Abuse Its Discretion In Denying
        Rose Court Leave To Amend Its Adversary Complaint ....................18

        1.    The new claims discussed for the first time in the AOB
            were never presented to the bankruptcy court and are thus
            deemed waived. ...................................................................19

        2.    The proposed second amended complaint that Rose Court
            presented to the bankruptcy court is barred by res judicata. ....20

            a.    The amendment's claims are based on the same

primary right as previously adjudicated claims. ............21

    b.    There was a final adjudication on the merits. ................25

    c.    There is privity between the parties..............................29

    3.    Rose Court's amendments are time-barred............................30

VI.    CONCLUSION ........................................................................32

VII.    STATEMENT OF RELATED CASES ........................................................33

BN 76645740v44

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Armstrong v. Brown*,
   768 F.3d 975 (9th Cir. 2014)................................................................19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................2

*BedRoc Ltd., LLC v. United States*,
   541 U.S. 176 (2004)........................................................................28

*Brodheim v. Cry*,
   584 F.3d 1262 (9th Cir. 2009)........................................................21

*Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*,
   159 F.3d 412 (9th Cir. 1998)............................................................3

*Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*,
   193 F.3d 1074 (9th Cir. 1999)........................................................29

*Daewoo Elecs. Am. Inc. v. Opta Corp.*,
   875 F.3d 1241 (9th Cir. 2017)........................................................24

*Dehorney v. Ocwen Loan Servicing, LLC*,
   814 F. App'x 297 (9th Cir. 2020) ...................................................21

*Depot, Inc. v. Caring for Montanans, Inc.*,
   915 F.3d 643 (9th Cir. 2019).............................................................2

*Epstein v. Washington Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996)..........................................................18

*Frank v. United Airlines, Inc.*,
   216 F.3d 845 (9th Cir. 2000)....................................................24, 25

*Harold v. Wells Fargo Bank, N.A.*,
   No. 19-CV-08020-JST, 2020 WL 3867203 (N.D. Cal. May 29,
   2020) ..............................................................................................23

*Interpipe Contracting, Inc. v. Becerra*,
   898 F.3d 879 (9th Cir. 2018)............................................................2

BN 76645740v4

*Johannson v. Wachovia Mortg., FSB*,
    No. C 11-02822 WHA, 2012 WL 1594829 (N.D. Cal. May 4,
    2012) .................................................................................................... 31

*Komatsu, Ltd. v. States S.S. Co.*,
    674 F.2d 806 (9th Cir. 1982) ................................................................ 19

*Lawlor v. Nat'l Screen Serv. Corp.*,
    349 U.S. 322 (1955) .............................................................................. 24

*Lee v. Thornburg Mortgage Home Loans Inc.*,
    No. 14-cv-00602-NC, 2014 WL 4953966 (N.D. Cal. Sept. 29,
    2014) .................................................................................................... 30

*Lomeli v. JPMorgan Chase Bank, N.A.*,
    No. CV1504022-MWF, 2015 WL 12746210 (C.D. Cal. Oct. 5,
    2015) .................................................................................................... 23

*Miller v. JP Morgan Chase Bank, N.A.*,
    No. 221CV00061JAMKJN, 2021 WL 2379750 (E.D. Cal. June 10,
    2021) .................................................................................................... 22

*Miller v. Wholesale Am. Mortg., Inc.*,
    No. 17-CV-05495-LB, 2018 WL 306714 (N.D. Cal. Jan. 5, 2018) ................. 23

*Owens v. Kaiser Found. Health Plan, Inc.*,
    244 F.3d 708 (9th Cir. 2001) ................................................................ 29

*Parker v. Joe Lujan Enterprises, Inc.*,
    848 F.2d 118 (9th Cir. 1988) .................................................................. 2

*Sepehry-Fard v. Select Portfolio Servicing, Inc.*,
    No. 14-cv-05142-LHK, 2015 WL 1063070 (N.D. Cal. Mar. 10,
    2015) .................................................................................................... 30

*Stewart v. U.S. Bankcorp*,
    297 F.3d 953 (9th Cir. 2002) ................................................................ 20

*In re Strand*,
    375 F.3d 854 (9th Cir. 2004) ............................................................. 1, 2

*Synagogue v. United States*,
    482 F.3d 1058 (9th Cir. 2007) .............................................................. 20

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*,
    322 F.3d 1064 (9th Cir. 2003) .............................................................. 30

BN 76645740v44

*Taniguchi v. Schultz*,
　303 F.3d 950 (9th Cir.2002) ................................................................19

*United States v. Elias*,
　921 F.2d 870 (9th Cir. 1990) ..............................................................19

*United States v. Liquidators of European Fed. Credit Bank*,
　630 F.3d 1139 (9th Cir. 2011) ............................................................20

*United States v. Ritchie*,
　342 F.3d 903 (9th Cir. 2003) ..............................................................17

*United States v. Schimmels*,
　127 F.3d 875 (9th Cir. 1997) ..............................................................30

*Worthy v. Nationstar Mortg., LLC*,
　No. EDCV 17-01645 JAK (SPx), 2018 WL 1942405, at *5 (C.D.
　Cal. Mar. 2, 2018) .............................................................................23

**California Cases**

*Biancalana v. T.D. Serv. Co.*,
　56 Cal. 4th 807 (2013) .......................................................................18

*Colebrook v. CIT Bank, N.A.*,
　64 Cal. App. 5th 259 (2021) ..............................................................23

*Gillies v. JPMorgan Chase Bank, N.A.*,
　7 Cal. App. 5th 907 (2017) ................................................................21

*Gray v. Superior Court*,
　52 Cal.App.4th 165 (1997) ...........................................................26, 27

*Groth Bros. Oldsmobile v. Gallagher*,
　97 Cal. App. 4th 60 (2002) ..........................................................26, 27

*Saterbak v. JPMorgan Chase Bank, N.A.*,
　245 Cal. App. 4th 808 (2016) ............................................................24

*Syufy Enterprises v. City of Oakland*,
　104 Cal. App. 4th 869 (2002) ............................................................27

*Wilson v. Bittick*,
　63 Cal. 2d 30 (1965) .........................................................................27

BN 76645740v44

**Federal Statutes**

11 U.S.C.
§ 362(d)(4)(A) and (B)......................................................................7

28 U.S.C.
§ 158(a) and (b) ............................................................................1
§ 158(d) .........................................................................................1
§ 1291 ............................................................................................1

Code Civ. Proc.
§ 338(d) .......................................................................................31

**California Statutes**

California Civil Code
§ 2924c ...................................................................................14, 19
§ 2924h ........................................................................................17
§ 2943 .....................................................................................14, 19

**Other Authorities**

Fed. R. Civ. P. 41 ............................................................. 15, 16, 27, 29

Fed. R. Bankr. P. 7041 .......................................................................28

BN 76645740v44

## I.     JURISDICTIONAL STATEMENT

On September 27, 2021, the United States District Court Northern District of California ("District Court") affirmed the bankruptcy court's order granting a motion to dismiss Rose Court LLC's ("Rose Court") first amended complaint and denying leave to amend.  Rose Court timely appealed on October 4, 2021.

The Ninth Circuit Court of Appeals has jurisdiction over this matter pursuant to 28 U.S.C. § 158(d) for appeals from all final decisions, judgments, orders and decrees entered pursuant to 28 U.S.C. § 158(a) and (b) and pursuant to 28 U.S.C. § 1291 for appeals from all final decisions of the district courts of the United States.

## II.     ISSUES FOR REVIEW[1]

**1.     Did the bankruptcy court err by dismissing Rose Court's first amended complaint seeking a declaration that a nonjudicial foreclosure sale was not completed when the same complaint pled a completed sale?**

The Ninth Circuit reviews decisions of the bankruptcy court independently without deference to the district court's determinations.  *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] Rose Court raises new issues that were not in front of the bankruptcy court and are not a subject of this appeal.  For example, Rose Court describes at length in pages 6 and 7 of the AOB "facts not stated in the Adversary Proceeding."  These "facts" are not supported by the record on appeal and should not be considered in this appeal.

BN 76645740v44

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Ninth Circuit will "affirm a dismissal for failure to state a claim where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886 (9th Cir. 2018) (quoting *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017)). Courts do not consider factual assertions made for the first time on appeal, as the Court's review "is limited to the contents of the complaint." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 372 (9th Cir. 1990)).

**2.      Did the bankruptcy court abuse its discretion by denying Rose Court's motion for leave to amend the first amended complaint?**

The Ninth Circuit reviews decisions of the bankruptcy court independently without deference to the lower court's determinations. *In re Strand*, 375 F.3d at 857. The denial of leave to amend a complaint after a responsive pleading has been filed is reviewed for an abuse of discretion. *Parker v. Joe Lujan Enterprises, Inc.*, 848 F.2d 118, 120 (9th Cir. 1988). Under the abuse of discretion standard, the lower court's decision should not be reversed unless this court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *Id.* at 121 (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985)).

BN 76645740v44

In reviewing decisions of the lower court, the Ninth Circuit may affirm on any ground finding support in the record. *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 419 (9th Cir. 1998). "If the decision below is correct, it must be affirmed," even if the lower court relied on the wrong grounds or wrong reasoning. *Id.* (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 367 (9th Cir.1992)).

## III.   STATEMENT OF THE CASE

### A.   STATEMENT OF FACTS

#### 1.   The Property and Loan History

On April 24, 2007, Teri Ha Nguyen ("Nguyen") received a loan from Washington Mutual Bank, FA in the amount of $2,500,000 in connection with the property located at 15520 Quito Road, Monte Sereno, California 95030 (the "Property"). (3-ER-258)  The loan was secured by a deed of trust on the Property recorded on May 1, 2007. (3-ER-236)  California Reconveyance Company was named as trustee under the deed of trust. (3-ER-237)  In 2008, JPMorgan Chase Bank, N.A. ("Chase") acquired certain assets from Washington Mutual Bank, FA in a purchase and assumption agreement between the FDIC and Chase, which included Nguyen's loan. (3-ER-264-267)  Thereafter, on March 30, 2009, an assignment of the Nguyen's deed of trust was recorded showing the transfer from Chase to "Bank of America, National Association as successor by merger to LaSalle Bank NA as

trustee for WaMu Mortgage Pass-Through Securities Series 2007-HY07 Trust." (3-ER-256) The same day, California Reconveyance Company, as trustee under the deed of trust, recorded a notice of default because Nguyen was in default on her loan. (3-ER-327)

On October 9, 2009, Teri Nguyen recorded a "Trust Transfer Deed" to her husband, Vince Nguyen, whereby she transferred the Property to her husband for no consideration. (3-ER-297) Shortly thereafter, on February 1, 2010, the Nguyens, as husband and wife, recorded a grant deed, transferring the Property to Rose Court, LLC. (3-ER-293) Teri Nguyen is the managing member of Rose Court. (2-ER-62)

On June 29, 2016, Select Portfolio Servicing, Inc. ("SPS") began servicing the loan. (7-ER-1348) SPS notified Nguyen that U.S. Bank NA was the successor institutional trustee to Bank of America, NA for the trust, and that the trust was the note holder on the loan being serviced by SPS. (7-ER-1344)

On April 28, 2017, Quality Loan Service Corporation ("Quality") replaced California Reconveyance Company as a new trustee. (3-ER-493) This was signed by SPS, upon behalf of "U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank, National Association as Trustee for WaMu Mortgage Pass-Through Certificates, Series 2007-HY7 Trust" (the "Trust"). (3-ER-493)

- 4 -

After a series of postponements of the foreclosure sales due to Nguyen's repeated bankruptcy filings and state court litigation, the final notice of trustee's sale was recorded on August 6, 2019 by Quality setting the sale date for September 23, 2019. (2-ER-141) Ultimately, the foreclosure sale took place on November 25, 2019. (2-ER-155) The Property was sold and a trustee's deed upon sale was recorded on December 9, 2019. (2-ER-154) The foreclosure was commenced and completed by the trustee on behalf of the same beneficial owner through the assignment of deed of trust, the holders of the WaMu Mortgage Pass-Through Securities Series 2007-HY07. (2-ER-154)

### 2. Rose Court and Nguyen's Lengthy Litigation History Regarding the Property

The underlying adversary bankruptcy action here was the then-fourth lawsuit that Nguyen and/or Rose Court have filed related to the existence of and/or foreclosure upon the deed of trust that was secured by the Property.[2] All three prior lawsuits were in state court. The details of the three lawsuits follow.

---

[2] Nguyen has since filed a fifth lawsuit in the Santa Clara Superior Court regarding the same Property, *Teri Ha Nguyen and Rose Court, LLC v. Select Portfolio Servicing, Inc., et al.*, Case No. 22CV395033. That complaint was dismissed with prejudice at the pleadings stage. Nguyen filed a notice of appeal to that judgment as well. That appeal is pending in the California Court of Appeal, Sixth Appellate District, Case No. H050957.

First, on July 31, 2017, Rose Court and Nguyen filed a complaint in Santa Clara County Superior Court, case no. 17-CV-313755, alleging the following claims against Defendants SPS and Quality: (i) breach of contract; (ii) breach of implied covenant of good faith and fair dealing; (iii) violation of one action rule; (iv) wrongful foreclosure; (v) unfair business practice; (vi) accounting; (vii) injunctive relief; and (viii) declaratory relief . (3-ER-439) In the complaint, the plaintiffs challenged the Trust's ownership of the loan and deed of trust. (3-ER-440-443) The plaintiffs alleged that defendants did not possess the note being foreclosed upon, resulting in a flawed "securitization process." (3-ER-441) Plaintiffs also asserted that SPS breached an oral contract not to foreclose while the borrower was engaged in the loan modification process. (3-ER-445)

SPS filed a demurrer to this complaint. The court issued a tentative ruling on November 27, 2017 sustaining SPS' demurrer as to all eight causes of action without leave to amend. (3-ER-440-443) The plaintiffs filed a request for dismissal without prejudice after the tentative ruling issued but before the Court issued a final order confirming that ruling. (4-ER-542-550; 552) Appellees contend that under California law the first state court action was adjudicated on its merits. (See *infra*.)

Second, on October 24, 2019, Nguyen and Rose Court sued for negligence, unfair business practices, and declaratory relief in the San Francisco County Superior Court, case no. CGC-19-580261. (4-ER-556) The complaint alleged

wrongful actions related to the servicing of the loan as well as chain of title defects. (4-ER-557, 561-564)  The complaint included allegations concerning an alleged "fabricated note."  (4-ER-560-564)  Rose Court and Nguyen eventually voluntarily dismissed this lawsuit.  (4-ER-697)

Third, on November 26, 2019, Rose Court and Nguyen filed another lawsuit against SPS and the Trust, this time again in Santa Clara County Superior Court, case no. 19CV359333.  (8-ER-1476-1480)  The plaintiffs brought two claims: wrongful foreclosure and quiet title.  (8-ER-1479)  The complaint alleged chain of title defects and that the foreclosure sale violated a bankruptcy stay.  (8-ER-1478-1479 [¶¶ 16-20])  The plaintiffs voluntarily dismissed this lawsuit on December 23, 2019.  (4-ER-699)

### 3.    Rose Court's Multiple Bankruptcy Petitions

Rose Court filed four Chapter 11 petitions: case no. 10-50993, case no. 12-58012, case no. 17-31014 on October 10, 2017, and the underlying bankruptcy petition case no. 19-31225 on November 23, 2019.  (2-ER-111)  Relevant to this appeal are the bankruptcy petitions filed in 2017 and in 2019.  They were filed in connection with civil lawsuits aiming to prevent foreclosure.

In the 2017 bankruptcy petition, the bankruptcy court issued an order granting motion for relief from automatic stay on May 24, 2018.  (2-ER-152)  Specifically, the order states that "the Order shall be binding and effective under 11 U.S.C.

§362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed no later than two (2) years after the date of entry of this Order … ." (2-ER-152) This order was recorded on May 29, 2018. (2-ER-150)

On November 23, 2019, two days before the scheduled foreclosure sale, Rose Court filed its fourth bankruptcy petition. (9-ER-1667) The next day, Vince Nguyen (husband of Teri Nguyen and an attorney) demanded that Quality cancel the foreclosure sale in light of yet another bankruptcy petition. (2-ER-144) However, given the May 24, 2018 order issued by the bankruptcy court in Rose Court's 2017 bankruptcy petition, Quality informed Vince Nguyen that there was no stay in effect. (2-ER-143) Quality provided a copy of the court order to Vince Nguyen. (2-ER-143)

On March 9, 2020, the bankruptcy court issued an order confirming that there was no stay as to the Property at the time of the November 25, 2019 trustee's sale. (2-ER-160)

## B.     Procedural History

### 1.     The Underlying Adversary Bankruptcy Action

Rose Court filed this adversary bankruptcy action on December 13, 2019. (2-ER-19) After the bankruptcy court granted a motion to dismiss with leave to amend, Rose Court filed its first amended complaint on March 5, 2020. (2-ER-56)

Rose Court's first amended complaint alleged a single claim for "declaratory relief." (2-ER-56) Its claim was based on allegations that the November 25, 2019 trustee's sale was fraudulent because there were no bidders and the auctioneer "announced postponement." (2-ER-63) However, the same complaint also included detailed allegations regarding the auctioneer's cry for the auction. (2-ER-59) Specifically, Rose Court referred to, and attached to its first amended complaint, the transcript of the auction, quoting the auctioneer's entire sale cry, including the clear and specific bid in the amount of $3,583,288.06 he had for the Property, and "sold" when the bidding "closed" and no one stepped up to bid over that bid. (2-ER-59; 66-71)

Rose Court's declaratory relief claim was based on colloquial conversations between the auctioneer and the Nguyens, in which they informed the auctioneer that they just filed for bankruptcy two days ago and asked the auctioneer to speculate as to what would happen. (2-ER-75-77) During this conversation the Nguyens did not disclose to the auctioneer that they were serial bankruptcy filers or that there was a court order granting relief from the bankruptcy automatic stay. (2-ER-75-77) With incomplete information, the Nguyens elicited from the auctioneer the following incorrect opinion: "So, basically, I would say it's postponed because they ... haven't received the official document." (2-ER-76)

BN 76645740v44

**2.      The Bankruptcy Court Granted the Motion to Dismiss and
Denied Leave to Amend**

Quality moved to dismiss Rose Court's first amended complaint on grounds that it failed to state a claim because the complaint itself confirmed that the sale occurred, there was no bid by anyone other than the holder of the deed of trust, and the Property reverted back to the beneficiary.  (2-ER-114)

Appellees SPS and the Trust filed a joinder to Quality's motion.  (2-ER-197) Appellees' reply addressed Rose Court's belated request via email that leave to amend be allowed.  (2-ER-197)  Although not discussed in its opposition papers, Rose Court informed the parties prior to the motion to dismiss hearing that its proposed second amended complaint would allege that there were supposedly different versions of the 2007 promissory note, suggesting that the note was fraudulent.  (2-ER-206)  Rose Court explained in its email that because the note was fraudulent, the defendants had no authority to collect payments from Rose Court. (2-ER-206)  Appellees' reply addressed Rose Court's email arguments by explaining that any amendments would be futile because Rose Court lacked standing to challenge the enforceability of Nguyen's note, any claims based on the allegedly fraudulent nature of the note would be time-barred, and that this proposed new claim was also barred by res judicata because the same primary right had been adjudicated in a prior action.  (2-ER-197-202)

On April 23, 2020, a day before the motion to dismiss hearing, Rose Court filed a motion for leave to amend its adversary complaint. (5-ER-703) The proposed second amended complaint asserts one additional claim for wrongful foreclosure. (5-ER-710) Rose Court sought to allege that it "in good faith believes over the course of the past few years it has received from Defendant a series of false versions of the note … ." (5-ER-711) Rose Court admitted that it received a note from SPS on September 13, 2016 (more than three years before Rose Court filed its 2019 adversary bankruptcy action) that allegedly "was not the same as the 2010 and 2012 version filed as exhibits to the proof of claim in the 2010 and 2012 bankruptcy filings." (5-ER-717)

Appellees opposed Rose Court's motion for leave to amend, arguing that Rose Court did not have standing to litigate that Nguyen was allegedly defrauded (5-ER-960-961), that Rose Court's claims based on fraud were time-barred (5-ER-961), and that Rose Court's claim was barred by the doctrine of res judicata because the claim was based on the same primary right as claims asserted in the 2017 state court lawsuit (5-ER-962-965).

On July 22, 2020, the bankruptcy court granted the motion to dismiss, and denied Rose Court's motion for leave to amend. (1-ER-2) With respect to Rose Court's allegations concerning the "falsified note," the bankruptcy court found that Rose Court failed to plead any facts substantiating this purported claim. (1-ER-3)

With respect to Rose Court's allegations regarding the non-completion of the foreclosure sale, the bankruptcy court found that despite the allegations in the complaint that the foreclosure sale was postponed, the actual transcript attached to the first amended complaint confirmed that the foreclosure sale took place. (1-ER-4-5) With respect to Rose Court's request for leave to amend the first amended complaint, the bankruptcy court referenced the three dismissed state court lawsuits filed by Rose Court and held that further amendments would be futile. (1-ER-7) The bankruptcy court also concluded that claims that the note and deed of trust on the Property are unenforceable were previously asserted in Rose Court's other lawsuits. (1-ER-7)

### 3. The District Court Affirmed the Bankruptcy Court's Rulings

Rose Court appealed to the District Court from the bankruptcy court's order granting Appellees' motion to dismiss the first amended complaint and denying Rose Court leave to amend. (1-ER-16). The District Court affirmed the bankruptcy court's rulings. (1-ER-16) The District Court held that the bankruptcy court properly evaluated the plausibility of the first amended complaint in light of the transcript of the auction, which was attached as an exhibit to the first amended complaint, and incorporated by reference. (1-ER-16) The District Court also held that Rose Court's prior lawsuits involved foreclosure issues for the same Property,

the same potential injury to Rose Court, and the same claims of promissory note fraud as were asserted in the proposed second amended complaint, so the bankruptcy court did not abuse its discretion in denying further amendment. (1-ER-17)

Rose Court timely appealed. (9-ER-1664.)

## IV. SUMMARY OF ARGUMENT

This Court should affirm the bankruptcy court's order granting Appellees' motion to dismiss and denying Rose Court leave to amend its first amended complaint. Rose Court does not argue that the bankruptcy court erred in granting Appellees' motion to dismiss. The first amended complaint pleads one claim for declaratory relief based on Rose Court's allegation that the foreclosure sale was "postponed." However, the first amended complaint, on its face, demonstrates that the foreclosure sale was conducted and concluded. Rose Court attached the transcript to its first amended complaint of the auction proving all statutory and notice requirements were met. Therefore, the bankruptcy court properly considered the transcript and did not err in granting Appellees' motion to dismiss.

The bankruptcy court also did not abuse its discretion in denying Rose Court's motion for leave to amend its first amended complaint. The proposed second amended complaint is based on factual allegations regarding an allegedly false note that Nguyen discovered in September 2016—more than three years before the current adversary proceeding was filed. While Rose Court argues on appeal that it

could have stated a valid claim based on purported violations of California Civil Code Sections 2943 and 2924c, those allegations were never in front of the lower courts and are deemed waived. In any event, these allegations are barred by the doctrine of res judicata because (1) they concern the same primary right, (2) there was a previous lawsuit concerning the same issue that was adjudicated on its merits, and (3) there is privity between the parties.

Rose Court's proposed amendments concern the same primary rights because these allegations all challenge Appellees' right to foreclose on the Property. In 2017, Rose Court filed a state court lawsuit that also challenged the Trust's ownership of the loan and deed of trust. There, Rose Court alleged that the defendants did not possess the note being foreclosed upon. There is a long line of authorities finding that a borrower is precluded, under the primary rights theory of res judicata, from bringing multiple lawsuits to challenge the right of the lender (or its assignee(s)) to foreclose on the property used to secure the loan. The fact that the actual foreclosure happened after Rose Court had brought its 2017 state court lawsuit makes no difference. The primary right asserted by the lawsuits remains the same—the right to be free from wrongful foreclosure activity.

The 2017 state court lawsuit was adjudicated on its merits, satisfying the second element in the doctrine of res judicata. Rose Court argues that California law, not federal law, applies when considering whether a lawsuit was adjudicated on

its merits. Regardless of whether California or federal law applies, the result is the same. In the 2017 state court lawsuit, the state court issued a tentative ruling sustaining SPS' demurrer without leave to amend. Before the ruling became final, Rose Court dismissed the lawsuit without prejudice. California courts have held that a dismissal after an adverse tentative ruling has been issued is a dismissal with prejudice.

There is, of course, privity between the parties. The 2017 state court lawsuit was filed by Rose Court (and Nguyen) against SPS. SPS is the loan servicer for the Trust. Courts have found privity in a mortgage foreclosure case between the loan servicer, original lender, nominee, and trustee.

Because all three elements for the doctrine of res judicata have been satisfied, the bankruptcy court did not abuse its discretion in denying Rose Court leave to amend its adversary complaint. Any amendments would be futile. But there are additional sound reasons that support the bankruptcy court's rulings.

Under Federal Rules of Civil Procedure, Rule 41(a)(1), two voluntary dismissals operate as an adjudication on the merits of the claims Rose Court sought to add in its proposed second amended complaint. Rose Court has previously filed and dismissed three lawsuits concerning the same Property, the same injury, and the same claims of wrongful foreclosure, including issues regarding the note, as alleged

- 15 -

in the proposed second amended complaint. Consequently, the bankruptcy court did not abuse its discretion in denying further amendment in light of Rule 41(a)(1)(B).

Finally, the new wrongful foreclosure claim in the proposed second amended complaint is based on alleged facts that Rose Court was aware of as of September 2016. Yet, Rose Court failed to pursue its claims until more than three years after it discovered the alleged fraudulent note. All claims based on these allegations are time-barred.

The bankruptcy court properly dismissed Rose Court's first amended complaint and did not abuse its discretion in denying Rose Court leave to amend its adversary complaint. The bankruptcy court's rulings should be affirmed.

## V. ARGUMENT

### A. The Bankruptcy Court Correctly Granted Appellees' Motion to Dismiss Rose Court's First Amended Complaint

Rose Court does not argue that the bankruptcy court erred in granting Appellees' motion to dismiss. Rather, Rose Court argues only that the lower court erred in denying Rose Court's motion to amend its complaint. (AOB, p. 16.)

However, since the order in question both dismissed the lawsuit based on the first amended complaint and denied leave to file a second amended complaint, Appellees here discuss the dismissal ruling. The bankruptcy court correctly granted Appellees' motion to dismiss because Rose Court's first amended complaint admits

that the foreclosure sale was conducted and concluded. Rose Court's declaratory relief claim in its first amended complaint is based on a casual exchange between the auctioneer of the foreclosure sale and the Nguyens, in which the Nguyens engaged in conversations with the auctioneer after the foreclosure sale has concluded. (2-ER-60-62) There, in response to the Nguyens' comment that they filed a bankruptcy petition two days before the foreclosure sale, the auctioneer stated that the sale would be "postponed." (2-ER-60; 75-76) Nevertheless, the same transcript, attached to the first amended complaint, reflected that the sale was indeed conducted and the Property was sold back to the beneficiary. (2-ER-66-71)

A court may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice when ruling on a motion to dismiss. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Pursuant to California Civil Code Section 2924h, "the trustee's sale shall be deemed final upon the acceptance of the last and highest bid, and shall be deemed perfected as of 8 a.m. on the actual date of sale if the trustee's deed is recorded within 21 calendar days after the sale, or the next business day following the 21st day if the county recorder in which the property is located is closed on the 21st day." Cal. Civ. Code, § 2924h. Here, this is exactly what happened. After the foreclosure sale concluded and was verbally confirmed, the trustee's deed upon sale was timely recorded. (2-ER-154) The fact that Rose Court's managing members asked the

auctioneer about the consequences of the new bankruptcy case on the sale changed nothing. "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Biancalana v. T.D. Serv. Co.*, 56 Cal. 4th 807, 814 (2013). The sale had occurred.

Rose Court's allegations that somehow the note was "falsified" without pleading any facts giving rise to the purported claim is also insufficient to state a claim. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

The bankruptcy court property granted Appellees' motion to dismiss Rose Court's first amended complaint. Rose Court has not contended otherwise.

## B. The Bankruptcy Court Did Not Abuse Its Discretion In Denying Rose Court Leave To Amend Its Adversary Complaint

Rose Court sought leave to amend its adversary complaint, to state a claim that Appellees' foreclosure was wrongful due to a fabricated note. (5-ER-712; 731) This request for amendment arose from Rose Court's admission that, at least in September 2016, Rose Court had supposedly spotted discrepancies in different copies of the note provided by Appellees. (5-ER-717)

1.    **The new claims discussed for the first time in the AOB were never presented to the bankruptcy court and are thus deemed waived.**

On appeal, Rose Court argues that the bankruptcy court should have granted leave to amend because Rose Court could have stated a claim for violation of the California Civil Code sections 2943 and 2924c.  (AOB, p. 6.)  However, Rose Court concedes that these are "facts not stated in the Adversary Proceeding or any other prior case."  (AOB, p. 6.)  These new allegations were never in front of the lower courts.  More importantly, the allegations described in the AOB pertain to events that allegedly occurred in October 2019.  (AOB, p. 6.)  Rose Court does not even attempt to explain why it was unable to raise these issues when it filed the underlying adversary bankruptcy action on December 13, 2019.

Documents or facts not presented to the district court are not part of the record on appeal.  *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990); see *Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it."); *Komatsu, Ltd. v. States S.S. Co.*, 674 F.2d 806, 812 (9th Cir. 1982) (deeming an issue waived where the party had "relied ... exclusively" in the district court on other arguments); see *Taniguchi v. Schultz*, 303 F.3d 950, 958–59 (9th Cir.2002)

(stating that, as a general rule, issues not raised below may not be considered on appeal).

In *Synagogue v. United States*, 482 F.3d 1058 (9th Cir. 2007), the Ninth Circuit rejected plaintiffs' argument that they could plead an additional claim based on a new statutory theory that was not ruled upon in the lower court where plaintiffs never sought leave of the lower court to amend their complaint to add the additional claim. *Id.* at 1060, fn. 4. Here, the allegations described in the AOB were known to Rose Court prior to when the adversary bankruptcy action was filed. Yet, Rose Court did not plead these allegations in any of its complaints, nor did Rose Court seek leave to amend to include these specific allegations in its proposed second amended complaint. This issue is waived.

### 2. The proposed second amended complaint that Rose Court presented to the bankruptcy court is barred by res judicata.

"Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised or could have been raised' in a prior action." *Stewart v. U.S. Bankcorp*, 297 F.3d 953, 956 (9th Cir. 2002) citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). In determining whether res judicata is applicable, courts look to whether "there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).

Here, Rose Court's proposed second amended complaint did not state any viable claims because they are barred by res judicata. The bankruptcy court did not abuse its discretion in denying Rose Court's motion for leave to amend.

### a. The amendment's claims are based on the same primary right as previously adjudicated claims.

Rose Court argues that res judicata does not bar its proposed amendments for a wrongful foreclosure claim because the wrongful foreclosure sale claim did not exist before the foreclosure sale took place. (AOB, p. 18.) This argument has been rejected by many courts.

Successive claims challenging the propriety of a lender's foreclosure activity implicate the same primary right regardless of what stage of the foreclosure process is challenged. See *Gillies v. JPMorgan Chase Bank, N.A.*, 7 Cal. App. 5th 907, 910 (2017) (multiple lawsuits asserting "similar allegations of claimed wrongful foreclosure procedures and [bank's] standing to foreclose" are based on the same primary right). Federal courts have relied on this principle in concluding that a borrower is precluded, under the primary rights theory of res judicata, from bringing multiple lawsuits to challenge the right of the lender (or its assignee(s)) to foreclose on the property used to secure the loan. *Dehorney v. Ocwen Loan Servicing, LLC*, 814 F. App'x 297, 298 (9th Cir. 2020); see *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (under California's primary rights theory, a cause of action is precluded for purposes of res judicata if it "involve[s] the same injury to the plaintiff

and the same wrong by the defendant[ ] ... even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery" (citation and internal quotation marks omitted)).

Many courts have found that "pre-foreclosure suits challenging the rights of defendants to foreclose on a property involve the same primary right as those brought after foreclosure has occurred, namely the right to be free from unlawful foreclosure." *Miller v. JP Morgan Chase Bank, N.A.*, No. 221CV00061JAMKJN, 2021 WL 2379750, at *4 (E.D. Cal. June 10, 2021). As one court stated in defining the primary right:

> [T]he primary right for which Plaintiff seeks redress is her right to the foreclosed property. The harm for which Plaintiff sought relief in state court is the same harm for which she now seeks to hold Defendants liable—the allegedly wrongful foreclosure of her property. The actions in state court and this Court concern the same property, same deeds, and same foreclosure sale. Because Plaintiff has already filed an action challenging Defendants' authority to foreclose, she may not file another seeking to challenge the foreclosure on different grounds.

- 22 -

*Lomeli v. JPMorgan Chase Bank, N.A.*, No. CV1504022-MWF, 2015 WL 12746210, at *6 (C.D. Cal. Oct. 5, 2015). The cases reaching the same conclusion are legion. See e.g., *Harold v. Wells Fargo Bank, N.A.*, No. 19-CV-08020-JST, 2020 WL 3867203, at *4 (N.D. Cal. May 29, 2020) (defining the primary right as the right to be free from unlawful foreclosure); *Worthy v. Nationstar Mortg., LLC*, No. EDCV 17-01645 JAK (SPx), 2018 WL 1942405, at *5 (C.D. Cal. Mar. 2, 2018) (same and listing cases); *Miller v. Wholesale Am. Mortg., Inc.*, No. 17-CV-05495-LB, 2018 WL 306714, at *5 (N.D. Cal. Jan. 5, 2018) (same and listing cases).

The California Court of Appeals also found that a post-foreclosure action involved the same primary right as a prior pre-foreclosure suit. *Colebrook v. CIT Bank, N.A.*, 64 Cal. App. 5th 259, 264 (2021). In so holding, the court rejected plaintiff's argument that res judicata did not apply because the factual and legal issues in the later lawsuit differed, noting that "all of her claims [were] premised upon and flow[ed] from respondent's allegedly wrongful interference with her ownership rights in the property." *Id.* The court explained that the later action involved the same injury—her loss of interest in the property—as the prior suits, which arose out of the same loan and involved the same property. *Id.* Accordingly, claim preclusion barred her subsequent causes of action challenging the foreclosure. *Id.*

BN 76645740v44

Here, in Rose Court's 2017 state court lawsuit, the plaintiffs challenged the Trust's ownership of the loan and deed of trust. (3-ER-440-443) The plaintiffs alleged that defendants did not possess the note being foreclosed upon, resulting in a flawed "securitization process." (3-ER-441) Plaintiffs also asserted that SPS breached an oral contract not to foreclose while the borrower was engaged in the loan modification process. (3-ER-445) All of these allegations concern the defendants' right to foreclose on the Property—the same primary right.

*Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808 (2016), cited by Rose Court, is irrelevant and merely held that a plaintiff has no standing to pursue a pre-foreclosure suit challenging defendant's ability to foreclose. *Id.* at 815. Other cases cited by Rose Court present significantly different facts. *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955) concerns new and different claims that accrued after the prior lawsuit settled. *Id.* at 324. There, plaintiffs allege that the prior settlement was used as a device to perpetuate monopoly with new additional parties involved and anti-competition actions that were not present in the prior lawsuit. *Id.* at 325. *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241 (9th Cir. 2017) concerns a lawsuit based on the breach of a guaranty contract and a subsequent lawsuit based on the breach of a separate contract against different parties with different obligations. *Id.* at 1248. *Frank v. United Airlines, Inc.*, 216 F.3d 845 (9th

Cir. 2000) concerns a first lawsuit with a weight policy for flight attendants that is different from the weight policy in the subsequent lawsuit. *Id.* at 851.

Rose Court's proposed amendments stated in its motion for leave to amend concern the same primary right as alleged in the 2017 state court lawsuit. This element is satisfied.

### b.     There was a final adjudication on the merits.

Rose Court also argues that California law, not federal law, applies in order to determine whether a prior action resulted in a final judgment on the merits. (AOB, p. 16.) This is an irrelevant question. Whether one applies federal law or California law, one reaches the same conclusion: that the 2017 state court lawsuit was a final adjudication on the merits.

Rose Court and Nguyen filed a state court lawsuit in 2017 with allegations challenging the Trust's ownership of the loan and the deed of trust. (3-ER-440-443) The plaintiffs specifically alleged that Nguyen demanded "copies of documents showing proof of ownership of the Loan" in September 2016 and that she received a copy of the note which plaintiffs deem "invalid." (3-ER-442-443) These allegations mirror those proposed by Rose Court in its motion for leave to amend its first amended complaint. Rose Court's motion indicated that it would add a claim for wrongful foreclosure based on allegations that there were multiple versions of the note, which "leads to a reasonable allegation that there has been document

forgery and fabrication involved in the collection on this loan." (5-ER-710-712) In other words, both the 2017 state court lawsuit and the proposed second amended complaint are based on allegations that the note was somehow fraudulent or invalid.

In the 2017 state court lawsuit, the state court issued a tentative ruling granting SPS' demurrer without leave to amend. (4-ER-542) Specifically, the state court found that Nguyen's belief that note and the deed of trust were invalid failed to present any controversy sufficient to state a valid claim. (4-ER-550) However, before the state court issued a formal order confirming the tentative ruling, Rose Court and Nguyen filed a request for dismissal without prejudice. (4-ER-552)

In *Groth Bros. Oldsmobile v. Gallagher*, 97 Cal. App. 4th 60 (2002), the court found that the trial court erred in refusing to vacate plaintiff's voluntary dismissal and to enter a ruling sustaining the demurrer and a judgment dismissing the lawsuit with prejudice after the plaintiff voluntarily dismissed the lawsuit in light of an adverse tentative ruling. *Id.* at 63. The court reasoned that allowing a plaintiff to file a voluntary dismissal without prejudice in the face of a tentative ruling that the court will sustain the demurrer without leave to amend "waste the time and resources of the court and other parties and promote annoying and continuous litigation." *Id.* at 70. It would "make a mockery of the tentative ruling procedure." *Id.* at 73. Similarly, in *Gray v. Superior Court*, 52 Cal.App.4th 165 (1997), the court held a plaintiff could not voluntarily dismiss his partition complaint without prejudice after

an evidentiary hearing before a referee in the face of an unfavorable recommendation by the referee. *Id*. at 173. The court held that the trial had actually commenced where evidence had been presented to the referee in a partition proceeding, even though the referee's findings were advisory only. *Id*.

Rose Court and Nguyen only dismissed their lawsuit after a tentative ruling sustaining SPS' demurer without leave to amend was issued, so the voluntary dismissal without prejudice was invalid. In essence, because only a dismissal with prejudice was permissible after the tentative ruling was issued, the 2017 state court lawsuit was adjudicated on its merits. *Groth Bros. Oldsmobile, Inc.*, 97 Cal.App.4th at 63.

*Wilson v. Bittick*, 63 Cal. 2d 30 (1965), cited by Rose Court, merely held that an involuntary dismissal due to failure to join an indispensable party does not constitute a judgment on the merits. *Id*. at 35. *Syufy Enterprises v. City of Oakland*, 104 Cal. App. 4th 869 (2002) held generally that a voluntary dismissal without prejudice is not a final judgment on the merits. *Id*. at 879. Neither of these cases address Rose Court's improper dismissal of the 2017 state court lawsuit was after it had been adjudicated on its merits. The second element of the doctrine of res judicata is satisfied based on California law.

The second element of the doctrine of res judicata is also satisfied based on federal law. Federal Rule of Civil Procedure 41(a)(1)(B) ("Rule 41"), made

applicable by Federal Rule of Bankruptcy Procedure 7041, provides that a voluntary dismissal is without prejudice unless the plaintiff previously dismissed any federal or state court action based on or including the same claim:

> Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or *state-court action* based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

*Id.* (emphasis added); see *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (The preeminent canon of statutory interpretation requires Courts to "presume that [the] legislature says in a statute what it means and means in a statute what it says there.").

Here, Rose Court has filed and dismissed three prior lawsuits concerning Appellees' authority to foreclose on the Property. These lawsuits include the 2017 state court lawsuit filed with the Santa Clara Superior Court (3-ER-439), the 2019 state court lawsuit filed with the San Francisco Superior Court (4-ER-556), and the 2019 state court lawsuit filed with the Santa Clara Superior Court (8-ER-1476). The proposed amendments, again, challenged Appellees' authority to foreclose on the Property. (5-ER-739) Rose Court alleges that "Defendants foreclosed on Plaintiff's

BN 76645740v44

interest in the Subject Property without right, constituting an illegal or fraudulent sale of Plaintiff's real property interest." (5-ER-739)

Under Rule 41(a)(1), two voluntary dismissals operate as an adjudication on the merits of the claims Rose Court wants to add. See *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1075 (9th Cir. 1999). The relevant inquiry is not whether the claims identified in the various complaints are exactly the same, but whether the lawsuits arise from the "same transactional nucleus of facts" such that the claims pleaded are "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties." *Owens*, 244 F.3d at 714. The prior cases involved foreclosure issues for the same Property, the same potential injury to Rose Court, and the same claims of note fraud by Appellees, as alleged in the proposed second amended complaint. Consequently, the bankruptcy court did not abuse its discretion in denying further amendment in light of Rule 41(a)(1)(B).

### c.      There is privity between the parties.

The third element is satisfied because the 2017 state court lawsuit was filed by Rose Court and Nguyen against Appellee SPS, the loan servicer. The Ninth Circuit has defined privity in the res judicata context as "a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'"

*United States v. Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas International Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977)). Privity exists if "there is sufficient commonality of interest." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). This commonality of interest indisputably exists between SPS and the Trust. *See Lee v. Thornburg Mortgage Home Loans Inc.*, No. 14-cv-00602-NC, 2014 WL 4953966, at *6 (N.D. Cal. Sept. 29, 2014) (finding privity in a mortgage foreclosure case between the loan servicer, original lender, nominee, and trustee); *Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-cv-05142-LHK, 2015 WL 1063070, at *5 (N.D. Cal. Mar. 10, 2015) (finding privity between the loan service provider, the beneficiary, and assignee of the trust).

Because all three elements for the doctrine of res judicata have been satisfied, the bankruptcy court did not abuse its discretion in denying Rose Court leave to amend its first amended complaint. Any further amendments would be futile.

### 3. Rose Court's amendments are time-barred.

In its motion for leave to amend, Rose Court argues that it "in good faith believes over the course of the past few years it has received from Defendant a series of false versions of note … ." (5-ER-711) But, Rose Court admitted that it received a note from SPS on September 13, 2016 (more than three years before Rose Court filed its 2019 adversary bankruptcy action) that "was not the same as the 2010 and

2012 version filed as exhibits to the proof of claim in the 2010 and 2012 bankruptcy filings." (5-ER-717)

Under California law – even in "wrongful foreclosure" cases – an "action for relief on the ground of fraud" must be brought within three years. Code Civ. Proc. § 338(d); see *Johannson v. Wachovia Mortg., FSB*, No. C 11-02822 WHA, 2012 WL 1594829, at *4 (N.D. Cal. May 4, 2012) (applying the three year statute of limitations to dismiss the plaintiff's 2011 claims that her 2006 loan was fraudulently procured and the subsequent foreclosure, therefore, wrongful). Here, Rose Court concedes that it knew it received a note that was different from previous versions of the note. (5-ER-732) Nevertheless, Rose Court did not timely raise claims based on an allegedly fraudulent note until after more than three years since she received that note. Because the new wrongful foreclosure claim in Rose Court's proposed second amended complaint is based on the allegedly fraudulent note, this claim is time-barred.

The bankruptcy court did not abuse its discretion in denying Rose Court leave to amend because any claims based on a potentially fraudulent note would be time-barred.

## VI. CONCLUSION

For the reasons stated above, the Court should affirm the bankruptcy court's order granting Appellees' motion to dismiss and denying Rose Court leave to amend its adversary complaint.

Dated: July 6, 2023       BUCHALTER, A PROFESSIONAL CORPORATION

By: */s/ Douglas C. Straus*
      Douglas C. Straus
      Tiffany F. Ng
      Attorneys for Defendants-Appellees
      SELECT PORTFOLIO SERVICING, INC.
      and U.S. BANK, NA, successor trustee to Bank
      of America, NA, successor in interest to
      LaSalle Bank NA, as trustee, on behalf of the
      holders of the WaMu mortgage passthrough
      certificates, series 2007-HY7, its assignees
      and/or successors

BN 76645740v44

## VII.  STATEMENT OF RELATED CASES

Defendants-Appellees are unaware of any other cases that are now pending or were pending in this Court which are related to this appeal.

Dated:  July 6, 2023          BUCHALTER, A PROFESSIONAL CORPORATION


By: */s/ Douglas C. Straus*
Douglas C. Straus
Tiffany F. Ng
Attorneys for Defendants-Appellees
SELECT PORTFOLIO SERVICING, INC.
and U.S. BANK, NA, successor trustee to Bank
of America, NA, successor in interest to
LaSalle Bank NA, as trustee, on behalf of the
holders of the WaMu mortgage passthrough
certificates, series 2007-HY7, its assignees
and/or successors

BN 76645740v4

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs (Rev. 12/01/18)

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

9th Cir. Case Number(s):  Appeal No. 21-16663

I am the attorney or self-represented party.

**This brief contains 7,266 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[**X**] complies with the word limit of Cir. R. 32-1.

[  ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[  ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[  ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[  ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [  ] it is a joint brief submitted by separately represented parties;
    [  ] a party or parties are filing a single brief in response to multiple briefs; or
    [  ] a party or parties are filing a single brief in response to a longer joint brief.

[  ] complies with the length limit designated by court order dated _____.

[  ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** /s/ Douglas C. Straus_____ **Date** July 6, 2023_____
*(use "s/[typed name]" to sign electronically-filed documents)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of July, 2023, I electronically filed the foregoing APPELLEES' ANSWERING BRIEF with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to the following persons on the date set forth below:

**Stephen Francis Lopez**
Stephen F. Lopez APC
840 E. Parkridge Ave., Ste. 102
Corona, CA 92879
Email: Steve@sflopesq.com
Attorneys for Plaintiff-Appellant

**Melissa Robbins Coutts**
McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108
Email: mcoutts@mccarthyholthus.com
Attorneys for Defendant-Appellee

DATED: July 6, 2023

*/s/ Alyssa Kern*
Alyssa Kern

BN 76645740v4